Burl PICKETT and H. T. Showalter, Plaintiffs-Appellants,

v.

The NEW YORK CENTRAL RAILROAD and Brotherhood of Locomotive Firemen & Enginemen, Defendants-Appellees.

No. 14520.

United States Court of Appeals Seventh Circuit.

June 17, 1964.

C. Robert Hall, Cairo, Ill., Harold A. Ross, Marshman, Hornbeck, Hollington,

Steadman & McLaughlin, Cleveland, Ohio, for plaintiffs-appellants.

Robert Broderick, East St. Louis, Ill., Richard O. Olson, Chicago, Ill., for The New York Cent. R. Co., defendant-appellee, Pope & Driemeyer, East St. Louis, Ill., of counsel.

Carroll W. Dukes, Danville, Ill., Harold C. Heiss, Cleveland, Ohio, Ralph J. Swanson, Danville, Ill., for defendants-appellees.

Before DUFFY, CASTLE and KILEY, Circuit Judges.

CASTLE, Circuit Judge.

Burl Pickett and H. T. Showalter, plaintiffs-appellants, brought suit in the District Court against The New York Central Railroad Company and the Brotherhood of Locomotive Firemen & Enginemen, defendants-appellees, seeking injunctive relief to compel defendants to cause plaintiffs to be reinstated as hostlers in such positions with the railroad at Mt. Carmel, Illinois, and to recover $15,000.00 each plaintiff alleges to represent back pay which he would have received as a hostler if his request for transfer to the Mt. Carmel position had been granted on the abolishment of the position he had held as hostler at Cairo, Illinois. In the second count of the complaint plaintiff Pickett also seeks recovery of the $15,000.00 allegedly representing pay he would have earned on the ground that the abolishment of his position as hostler at Cairo was a direct and proximate result of wrongful acts of the defendants.

The District Court sustained separate motions made by each of the defendants to dismiss on the ground of lack of jurisdiction and dismissed the action. Plaintiffs appealed.

The main contested issue [1] presented by plaintiffs' appeal is whether the complaint states a claim for relief over which the District Court has jurisdiction.

The defendants contend, and the District Court concluded, that the claims asserted were matters over which the National Railroad Adjustment Board has exclusive jurisdiction.

The plaintiffs' complaint alleges, among other things, that each is a member of the Brotherhood of Locomotive Engineers and, as hostlers, are minority members of a minority craft or class of workmen known as firemen-helpers, hostlers, and hostler-helpers, which class or craft includes workers who are members of the defendant Brotherhood of Locomotive Firemen & Enginemen, which latter union is the duly authorized bargaining representative of the minority class or craft of workmen, including the plaintiffs, although plaintiffs are not members of the defendant Brotherhood.

Although plaintiffs in their argument contend that the refusal to grant their requested transfers to the Mt. Carmel positions, and Pickett contends that the abolishment of his position as hostler at Cairo, were acts of hostile discrimination directed against them because of their lack of membership in the defendant Brotherhood and membership in the other union, the gravamen of the complaint charges that the refusal and denial of plaintiffs' "right or privilege to transfer" to the Mt. Carmel positions was "solely on the ground that the defendants' interpretation and application of [the existing collective bargaining agreement between the defendant Brotherhood and railroad] is such that it denies such right or privilege to all members of the aforesaid minority craft or class of hostlers". And Pickett's additional charge that his hostler position at Cairo was wrongfully discontinued is grounded on his allegation that it was abolished contrary to provisions of the working agreement and

1. The New York Central Railroad Company raises an additional issue as to whether plaintiffs' notice of appeal is sufficient to encompass the order which granted its separate and earlier motion to dismiss and dismissed the complaint as to it some months before the action was dismissed on a similar motion by the Union. But the disposition we make of the appeal does not require that we consider this additional issue.

pursuant to a time check to determine if three or more hours work per day was available at Cairo, which time check was conducted by the defendants without notice to Pickett with the result that he was unable to avail himself of his right under the working agreement to have a representative of his choice present as a witness; and the job's discontinuance was for the purpose of permitting the duties of the position to be performed by firemen-helpers. The complaint alleges that since June 1, 1954, under the provisions of the existing working agreement, all hostling jobs or assignments are open to "firemen-helpers" as well as to "hostlers".

On the basis of plaintiffs' allegations it appears that plaintiffs' claims for relief are grounded solely on the interpretation and application of the collective bargaining agreement—a matter committed by the Railway Labor Act to the exclusive jurisdiction of the National Railroad Adjustment Board. Slocum v. Delaware, L. & W. R. Co., 339 U.S. 239, 70 S.Ct. 577, 94 L.Ed. 795; Order of Ry. Conductors of America v. Pitney, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318. Although the complaint does contain a general conclusory allegation that in negotiating the 1954 working agreement, and in its interpretation and application concerning the matter of plaintiffs' requested transfers, the defendant Brotherhood in collusion with the railroad "has been and is unfair, unjust, hostile and unreasonable discrimination [sic] against the plaintiffs" the factual matters pleaded in connection with the refusal to transfer and discontinuance of the hostler positions at Cairo not only fail to support such a conclusion but, as above pointed out, the direct and positive allegations relating to the defendants' actions in this connection assert they were grounded solely on interpretation and application of the working agreement. In this setting whatever charge of discrimination which may be inferred from consideration of the complaint as a whole does not relate to a matter or controversy in the resolution of which reference to the working agreement is only incidentally involved. It is clear from the gravamen of the complaint that interpretation and application of the collective bargaining agreement is directly involved. This being so Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; Steele v. Louisville & Nashville Railroad Co., 323 U.S. 192, 65 S.Ct. 226, 89 L.Ed. 173; Mount v. Grand International Brotherhood of Locomotive Engineers, 6 Cir., 226 F.2d 604; Thompson v. Brotherhood of Sleeping Car Porters, 4 Cir., 316 F.2d 191, and similar cases, relied upon by plaintiffs are inapposite. In those cases either no differences as to interpretation of the contract, which by the Railway Labor Act are committed to the jurisdiction of the Railroad Adjustment Board, were involved, or only incidental reference to the collective bargaining agreement was required. Here interpretation and application of the working agreement is *expressly alleged* [2] to be directly involved. And this function involves subject matter over which the District Court lacks jurisdiction.

We conclude that the District Court did not err in concluding that it lacked jurisdiction of the subject matter of plaintiffs' claims for relief. The judgment order of the District Court is affirmed.

Affirmed.

---

2. Thus the admonition in Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief—which principle is recognized in Thompson v.

Brotherhood of Sleeping Car Porters, 4 Cir., 316 F.2d 191 and Rumbaugh v. Winifrede R. R. Co., 4 Cir., 331 F.2d 530, relied upon by plaintiffs, does not apply here where the complaint by express allegation negates the basis for a claim of which the court has jurisdiction.